■ In the Matter of JANIK PAVING & CONSTRUCTION, INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: Petitioner was awarded a contract in the fall of 1979 by the New York State Transportation Department for highway repairs in the Town of Holland. In May 1983 the Town of Brant awarded petitioner a contract to install sewers. Among the various requirements of article 8 of the New York State Labor Law which apply to such agreements, is one that

workers, in addition to wages, must be provided with supplements in accordance with the prevailing practice in the locality (Labor Law § 220 [5] [b]). These supplements are defined to include such items as health and welfare benefits (Labor Law § 220 [5] [b]). A schedule of the prevailing wage and supplements dated October 1979 was appended to the Town of Holland contract. This schedule was updated in April 1980 and a copy of the updated schedule was received by petitioner. Wages pursuant to the new schedule were not paid. Following an investigation, the Department of Labor charged petitioner with failure to pay wages and supplements pursuant to the operative schedule. Petitioner admits that it failed to pay prevailing wages, and in mitigation asserts it was awaiting the outcome of litigation commenced by other contractors challenging the validity of the updated schedule. After an administrative hearing pursuant to Labor Law § 220 (8), the Hearing Officer concluded that petitioner failed to pay full wages and supplemental benefits and that petitioner was entitled only to a credit of $.55 per hour per employee toward payment of the hours of supplemental benefits due its employees. Petitioner was found liable for $7,232.96 in back wages and supplements and, in addition, was assessed interest at the rate of 10% per annum on the unpaid amounts. On finding that petitioner's failure to make the required payments was willful, the Hearing Officer also imposed a civil penalty of $1,000. The Commissioner of Labor confirmed the Hearing Officer's determination and this proceeding has resulted.

Petitioner contends that respondent erred in failing to calculate the average hourly cost of the health plan petitioner provided its employees by dividing the annual payment to the plan by the number of hours the employee worked on a particular public works project. Petitioner also asserts, citing *Matter of Action Elec. Contrs. Co. v Goldin* (64 NY2d 213), that it has met the prevailing supplemental requirements for health and welfare benefits by providing an equivalent benefits plan. We disagree. The health benefits provided by petitioner extended throughout the entire year, whether its employees worked or not, and the hourly cost of these benefits must similarly be calculated. Petitioner is entitled to the supplemental credit for the periods its employees worked on a public works project. The appropriate credit of $.55 per hour attributable to the Holland project was given to petitioner.

Accepting, as we do, respondent's method of calculating the hourly cost of the petitioner's benefit plan, the resulting cost is less than the hourly cost of the prevailing supplement and

accordingly petitioner did not provide an equivalent benefits plan *(see, Matter of Action Elec. Contrs. Co. v Goldin, supra).* Substantial evidence supports the determination made by respondent in all respects *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). (Proceeding pursuant to Labor Law § 220 [8].) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.